UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WILLIAM NOE,

    Plaintiff,                                             Case No.

                                                      HON.

v.

KING TECHNOLOGY, INC.,

    Defendant.

_____/

**COURTNEY E. MORGAN, JR. (P29137)**
**ERIC J. ROSENBERG (P75782)**
Morgan & Meyers, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI  48120
(313) 961-0130

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

      NOW COMES the Plaintiff, WILLIAM NOE, by and through HIS attorneys, MORGAN & MEYERS, PLC, and states as his cause of action against the Defendant, KING TECHNOLOGY, INC., the following:

**GENERAL ALLEGATIONS**

1. The amount in controversy exceeds SEVENTY-FIVE THOUSAND ($75,000) DOLLARS, exclusive of interest, costs and attorneys' fees.

2. At all relevant times, Plaintiff, William Noe, is a resident of the State of Michigan, County of Lenawee in the Eastern District of Michigan.

3. At all relevant times, King Technology, Inc. ("King Technology") was and is a Domestic Business Corporation organized under the laws of Minnesota. King Technology's principal place of business is in Minnesota and its headquarters is located in Hopkins, MN. Defendant King Technology manufactures and sells a variety of swimming pool related products nationwide. Therefore, jurisdiction is proper under 28 USC § 1332.

4. The acts and occurrences which form the basis of this complaint occurred in the State of Michigan and the State of Minnesota.

5. Jurisdiction is proper under 28 USC § 1332(a)(1), since the Plaintiff and King Technology, Inc. are citizens of different states.

6. Venue is proper under 28 USC § 1391(b)(1)&(2), since Plaintiff is a resident of this judicial district and it is also the location of the acts and occurrences which form the basis of this complaint.

7. At the beginning of every summer, Plaintiff William Noe would tend to the pool in the backyard of his home in order to properly prepare it for the upcoming season.

8. As part of his pool maintenance, Mr. Noe would apply chlorine to ensure that the pool was free of bacteria and safe to swim in.

9. In order to properly apply chlorine to his pool, Mr. Noe purchased Defendant King Technology's Perform-Max pool sanitizer in 2006 from a local dealer who installed the device in Mr. Noe's garage. Records indicate that the Perform-Max pool sanitizer in question was manufactured in 2002 and given serial number 261949.

10. In order to apply chorine per the sanitizer's instructions, Mr. Noe would unscrew the top of the device, place chlorine tablets in the device, screw the top of the device back on, open the release valve on the top of the device, and turn on the water pump, causing water to flow rapidly into the feeder. The release valve is designed to allow air trapped inside the feeder to escape.

11. On June 3, 2013, Mr. Noe went into his garage to place new chlorine tablets inside of Defendant's Perform-Max pool sanitizer.

12. Plaintiff operated the device precisely according to the manufacturer's expectations, namely he: unscrewed the top of the device, placed new chlorine

tablets inside of the device, screwed the top of the device back on, and opened the release valve to let out air that would be trapped in the device when water began pumping into the device.

13.   After screwing the top of the device back on and opening the pressure release valve, Mr. Noe turned on the water pump to begin the process of pumping the water from the pool into Defendant's Perform-Max pool sanitizer and eventually back into the pool.

14.   Immediately after Plaintiff turned on the water pump, Defendant's Perform-Max pool sanitizer was unable to withstand the pressure buildup and it catastrophically failed, violently spraying shards of the device in all directions. The materials struck Mr. Noe in his face, eyes, hands, forehead, and legs.

15.   The pieces of Defendant's Perform-Max pool sanitizer hit Plaintiff with such force that he suffered severe damage to his right eye including skin tears, lacerations to his cheeks and nose, and lacerations to his right hand, each of which bled profusely and required over 100 stitches.  Mr. Noe also suffered soft tissue injuries to his lower leg.  Mr. Noe has not had vision restored despite six surgeries to date.  Mr. Noe also suffered a pulmonary embolism as a result of the injuries he received in this incident.

16.   The portion of the pool sanitizer which failed is made of polypropylene, a substance which is known to degrade in the presence of chlorine.  An examination of the remains of the pool sanitizer reveals its inner surface to have suffered deterioration caused by chlorine.

17.   Defendant's Perform-Max pool sanitizer was unable to withstand the expected pressure from the water pump because it is made of polypropylene.

18.   Defendant's decision to use polypropylene instead of the more reliable polyvinyl chloride was the proximate cause of Plaintiff's injuries.

## COUNT I – PRODUCT LIABILITY UNDER MCL 600.2946(2)

PLAINTIFF HEREBY restates, realleges, and incorporates by reference each and every paragraph set forth above, as though fully set forth herein and further states in the alternative the following:

19. At all times pertinent to this Complaint, pursuant to MCL 600.2946(2), Defendant King Technology owed the general public, including Plaintiff, a duty to design, manufacture, market and distribute the Perform-Max pool sanitizer in a reasonably safe condition according to generally accepted protection practices at the time and to provide the practical and technically feasible alternative production practices available at the time the device left the Defendant's control.

20. Notwithstanding said obligation, and in breach thereof in violation of MCL 600.2946, Defendant King Technology was negligent in the design, manufacture, marketing and/or distribution of the Perform-Max pool sanitizer as they failed to design, manufacture, market and/or distribute the Perform-Max pool sanitizer reasonably and by placing into the stream of commerce in 2002 a device that was made of polypropylene, a material that is subject to degradation when met with chlorine instead of using the more stable polyvinyl chloride.

21. Defendant King Technology actually knew that the Perform-Max pool sanitizer was defective and there was a substantial likelihood that the defect would cause the injuries that are the basis of this action, in violation of MCL 600.2949a, and that such injuries would be prevented by the use of polyvinyl chloride instead of polypropylene.

22. As a direct and proximate result of the aforementioned acts and/or omissions of Defendant, Plaintiff was severely injured and is entitled to such damages as are deemed fair and just, including:

    a. Permanent disability and disfigurement;

    b. Loss of vision in his right eye and loss of depth perception and balance;

    c. Pulmonary embolism;

    d. Hospitalization, including several invasive medical procedures and the development of a pulmonary embolism;

    e. Pain, suffering and emotional distress, past, present and future;

    f. Humiliation, mortification, fright, past, present and future;

    g. Medical expenses;

    h. Lost wages, compensation, and earning capacity, past, present and future;

    i. Emotional and mental suffering, past, present and future;

    j. Loss of enjoyment of life, past, present and future;

    k. Attorney fees and legal costs;

    l. Any and all other injuries and damages found to be appropriate by the trier of fact.

WHEREFORE, the Plaintiff respectfully request that this Honorable Court enter a judgment against the Defendant in any amount in excess of SEVENTY-FIVE THOUSAND ($75,000) DOLLARS, together with interest, costs and attorney fees, to which the Plaintiff is deemed to be entitled.

Respectfully submitted,

MORGAN & MEYERS, PLC


 /s/ Courtney E. Morgan, Jr. (P29137)
Courtney E. Morgan, Jr. (P29137)
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120-1802
(313) 961-0130
cmorgan@morganmeyers.com


DATED:  July 31, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WILLIAM NOE,

    Plaintiff,                          Case No.

                                       HON.

v.

KING TECHNOLOGY, INC.,

    Defendant.

_____/

**COURTNEY E. MORGAN, JR. (P29137)**
**ERIC J. ROSENBERG (P75782)**
Morgan & Meyers, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120
(313) 961-0130

_____/

**DEMAND FOR JURY TRIAL**

NOW COMES the above-captioned Plaintiff, by and through his attorneys, MORGAN & MEYERS, PLC, and hereby demand a jury trial in the above cause of action.

Respectfully submitted,

MORGAN & MEYERS, PLC

/s/ Courtney E. Morgan, Jr. (P29137)
Courtney E. Morgan, Jr. (P29137)
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120-1802
(313) 961-0130
cmorgan@morganmeyers.com

DATED: July 31, 2014