UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WILLIAM NOE,

       Plaintiff,   Case No.: 4:14-cv-12988-LVP-MKM
vs.   Hon. Linda V. Parker

KING TECHNOLOGY, INC.

       Defendant.

**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
Morgan & Meyers, PLC
Attorneys for Plaintiff
3200 Greenfield, Ste. 260
Dearborn, MI 48120
(313) 961-0130
(313) 961-8178 fax
cmorgan@morganmeyers.com
bkeck@morganmeyers.com

**STEVEN D. BROCK (P40432)**
Law Office of Storck & Dinverno
Attorney for Defendant
700 Tower Dr., Ste. 550
Troy, MI 48098
248-631-2101 main; 248-631-2111 dd
248-631-2102 fax
brocks3@nationwide.com

**KIRK E. ROMAN (0030615 Ohio)**
Co-Counsel for Defendant
50 S. Main St., Ste. 502
Akron, OH 44308
330-253-8877; 855-301-9448 fax
romank1@nationwide.com

## REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**I.   LEGAL ARGUMENT AND ANALYSIS**

    **A.   Despite conclusory statements to the contrary, Plaintiff's Response fails to articulate a *prima facie* case of design defect.**

    **1. The Komm Report presented by Plaintiff does not demonstrate the six elements required by the "risk-utility balancing test."**

Plaintiff argues that "[t]he evidence supporting each of the *Croskey* factors was identified in Plaintiff's expert Komm's report." (Pls Resp. Defs. Mot. Summ. J., 9.) The risk utility balancing test "invites the trier of fact to consider the alternatives and risks faced by the manufacturer in designing the product and to determine whether in light of certain factors, 'the manufacturer exercised reasonable care in making the design choices it made." *Croskey,* 532 F.3d at 516 (quoting *Prentis,* 421 Mich. at [591] 688.) A plaintiff must meet all six (6) elements identified in *Croskey.* 532 F.3d at 516.

### a. Neither the severity of Plaintiff's injury, nor the likelihood of its occurrence was foreseeable by the manufacturer at the time the product was manufactured.

Plaintiff argues that this "Defendant cannot claim that such product failure was not foreseeable as it in fact happened multiple times prior to the incident involving the Plaintiff." (Pls Resp. Defs. Mot. Summ. J.,18). In support of this argument, Plaintiff references the two reports prepared by Plaintiff's expert, Komm, appended to Plaintiff's response as Exhibits 5 and 7. In both reports, Komm opines that "Similar events have occurred throughout the history of this product. With rare exception, they have been attributed to user error without thorough investigation." (Pls Resp. Defs. Mot. Summ. J., Ex. 5, p.30; Ex. 7 p.8). This is the sole conclusion offered by Plaintiff's expert in support of the foreseeability element.

Prior incidents used to show foreseeability must be "substantially similar" to the accident at issue. *Croskey,* 532 F.3d at 518. It is not enough that some of the other incidents were deemed "explosions," "substantial similarity means that the accidents must have occurred under similar circumstances or share the same cause." *Id.* Here, Plaintiff does not demonstrate substantial similarity, but makes the conclusory statement that "…such a vessel will fail catastrophically at some point. This is just basic chemistry and physics, as outlined in Mr. Komm's reports." (Pls Resp. Defs. Mot. Summ. J., 20.) Even viewing the evidence in the light most favorable to the Plaintiff, Plaintiff has not demonstrated substantial certainty between any other incident involving this product and the incident at bar.

### b. Plaintiff has not provided evidence of a reasonable alternative design.

Despite Plaintiff's argument that identifying a substitute material for manufacturing meets the pleading requirements under Michigan law, the law is clear that "[t]echnical, medical, or scientific knowledge is not economically feasible for use by the manufacturer if use of that knowledge in production of the product would significantly compromise the product's usefulness or desirability." *See* (Pls Resp. Defs. Mot. Summ. J., 15); Mich. Comp. Laws § 600.2946(2). Moreover, "it is incumbent upon the plaintiff to make a showing – via compelling, empirical evidence of an alternative design – that the chosen design was unreasonably dangerous." *Fisher v. Kawasaki Heavy Indus.,* 854 F. Supp 467, 471 (1994).

Plaintiff has not argued an alternative design for this product, and merely refers to products that require the user to put the chemicals directly into their pool. (Pls Resp. Defs. Mot. Summ. J., 16.) That is not an alternative design for this product, those are simply different products. In fact, Plaintiff's argument is that "this product is not one that needs to exist at all." *Id*. Plaintiff's only alternative is that the product not be made. Thus, Plaintiff has failed to meet his burden under the four remaining elements of the risk-utility balancing test, and Plaintiff's claim must fail as a matter of law.

**2. Plaintiff should not be permitted to amend his Complaint to include a baseless claim for gross negligence and willful disregard of defect.**

Plaintiff's Complaint did not allege failure to warn as a basis for this action and thus no such claim should be presented to the trier of fact. However, out of an abundance of caution, this Defendant addresses those claims as follows:

Michigan law provides that a plaintiff may also show that a product is defective if the manufacturer fails to warn potential consumers "of dangers involving the intended uses, and foreseeable misuses, of the product. *Eiben v. Gorilla Ladder Co.,* No. 11-CV-10298, 2013 U.S. Dist. LEXIS 59961, at *30 (E.D. Mich. April 22, 2013, (citing *Gregory,* 450 Mich. at 11, 538 N.W.2d 325.) To establish a *prima facie* case of failure to warn, a plaintiff must prove the following four elements: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the defendant's breach was a proximate cause of the

4

plaintiff's injuries; and (4) the plaintiff suffered damages. *Id.,* citing *Warner v. Gen. Motors Corp.,* 137 Mich. App. 340, 348, 357 N.W.2d 689 (1984). The standard of care for a manufacturer to warn "includes dissemination of information, either warnings or instructions, as is appropriate for the safe use of the product; such information must be adequate, accurate, and effective." *Ross v. Jaybird Automation, Inc.,* 172 Mich. App. 603, 606, 432 N.W.2d 374 (1988); *Pettis v. Nalco Chem Co.,* 150 Mich. App. 294, 302, 388 N.W.2d 343 (1986). Whether a manufacturer owes a duty to warn is a question of law. *Id.*

The plaintiff argues that "chlorine is corrosive," and that defendant failed to warn customers of the risk associated with a "household contaminant" coming into contact with the sanitizer. (Pls Resp. Defs. Mot. Summ. J., 20). Plaintiff further alleges that "there is no mention of this risk anywhere on the product, or in the product's operator's manual." *Id.* at 20. However, Plaintiff also submitted Exhibit 14, the top of the sanitizer, which includes multiple explicit warnings to consumers including the risk of explosion if chemicals are combined. (Pls Resp. Defs. Mot. Summ. J., Ex. 14).

This Defendant clearly contemplated the risk that operators would be working with multiple chemicals in an area where this sanitizer is used. Accordingly, extensive warnings were issued not only above the operation instructions, but were also stamped into the plastic of the top. *See* (Pls Resp. Defs. Mot. Summ. J., Ex. 14).

5

Plaintiff has failed to demonstrate that a breach of any duty has occurred, or that this defendant has failed to meet the standard of care as articulated in *Ross*. As Plaintiff has failed to present sufficient evidence to present a *prima facie* case for failure to warn, this claim, articulated at this late date, must fail as well.

Michigan law provides that the limitation on damages does not apply if the trier of fact determines by a preponderance of the evidence that the death or loss was the result of the defendant's gross negligence, or if the court finds that the matters stated in section 2949a are true. Mich. Comp. Laws § 600.2946a(1).

To show gross negligence, a plaintiff must prove conduct so reckless as to demonstrate a substantial lack of concern for whether injury results. Mich. Comp. Law § 600.2945(d). Courts have characterized gross negligence as "a willful disregard of safety measures and a singular disregard for substantial risks." *Oliver v. Smith,* 290 Mich. App. 678, 685; 810 N.W.2d 257 (2010). Plaintiff must show proof of conduct "so reckless as to demonstrate a substantial lack of concern for whether an injury results." *Maiden v. Rozwood,* 461 Mich. 109, 122, 597 N.W.2d 817 (1999). Plaintiff has not demonstrated any negligence by Defendant.

Plaintiff has not presented any evidence that this Defendant had actual knowledge of a substantial likelihood that this product would cause this type of injury. Plaintiff's claims as to substantially similar occurrences failed to meet the substantial similarity test articulated in *Croskey.* 532 F.3d at 519. In fact, the specific instances Plaintiff articulates in support of this contention fall under the

warnings physically marked on the cap of the product. *See* (Pls Resp. Defs. Mot. Summ. J., 23; *Id.,* Ex. 14). If a user acts in a way that was anticipated and the manufacturer has addressed that possibility in the warnings, it follows that a cause of action for failure to warn cannot stand.

## II. CONCLUSION

For the foregoing reasons, Defendant King Technology, Inc. respectfully requests this Honorable Court issue an ORDER granting its Motion for Summary Judgment.

                              LAW OFFICE OF STORCK & DINVERNO

                              */s/ Steven D. Brock*
                              STEVEN D. BROCK (P40432)
                              Attorney for Defendant
                              700 Tower Dr., Suite 550
                              Troy, MI 48098
                              248-631-2111 / 248-631-2102 fax
Dated: February 5, 2016      brocks3@nationwide.com

## PROOF OF SERVICE

The undersigned certifies that she caused to be served the aforementioned documents upon the attorney of record herein at his respective address disclosed on the pleadings on February 5, 2016.

BY:      ECF Court Filing System

                              */s/ Laura Owens*
                              LAURA OWENS